OPINION
Appellant the State of Ohio appeals a judgment of the Lancaster Municipal Court granting appellee Ronald Duncan's motion to suppress:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS BY RULING THAT THE STATE'S SEARCH OF DEFENDANT'S AUTOMOBILE THAT LEAD TO THE DISCOVERY OF DRUG CONTRABAND IN DEFENDANT'S GLOVE BOX WAS UNCONSTITUTIONAL WHEN THE ACTUAL FACTS REVEALED THAT TWO DEPUTIES, TRAINED IN THE DETECTION OF THE ODOR OF BURNT MARIJUANA, OBSERVED NOT ONLY A STRONG ODOR OF BURNT MARIJUANA EMANATING FROM THE INTERIOR OF THE VEHICLE BUT ALSO OBSERVED A STRONG ODOR OF BURNT MARIJUANA EMANATING FROM DEFENDANT'S REGISTRATION THAT DEFENDANT HIMSELF REMOVED FROM HIS GLOVE BOX.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS WHEN IT HELD THAT DEFENDANT'S FOURTH AMENDMENT RIGHTS HAD BEEN VIOLATED BECAUSE DEFENDANT HAD NO REASONABLE EXPECTATION OF PRIVACY IN HIS VEHICLE AFTER HE PARTICIPATED IN OR ALLOWED ILLEGAL CONDUCT IN HIS VEHICLE THAT NATURALLY CREATED A UNIQUE ODOR ASSOCIATED WITH THAT ILLEGAL CONDUCT AND KNOWING THAT SUCH ODOR WAS LIKELY TO BE DETECTED BY AN OFFICER WHO HAS VALIDLY STOPPED AND APPROACHED THAT VEHICLE.
During the early morning hours of January 20, 1999, Deputy Joseph Hildinger of the Fairfield County Sheriff's Department was on routine patrol in Lancaster, Ohio. He observed an older model Delta 88 Oldsmobile with a burnt out left headlight. Deputy Hildinger stopped the vehicle, exited his patrol car, and approached the driver's side of the vehicle. Appellee, who was the driver of the car, rolled down his window. When appellee opened the window to the car, Deputy Hildinger detected a strong odor of burnt marijuana. The deputy then asked appellee to present his vehicle registration. Appellee took the registration from the glove compartment of his vehicle, and handed it to the deputy. The deputy returned to his patrol car to verify the registration and license plate number. While conveying the information on the registration to dispatch, the deputy again noticed the odor of burnt marijuana. He first smelled himself, thinking he had leaned into something which smelled like marijuana. He then brought the registration card closer to his face, and realized the odor of marijuana was coming from the document. Deputy Hildinger requested backup. A second deputy arrived on the scene, and smelled the registration card. The deputies returned to appellee's vehicle and ordered him to exit the car. The deputies then searched the passenger compartment of the vehicle. Deputy Hildinger immediately opened the glove compartment, and found what he believed to be a marijuana pipe containing a residue which smelled like burnt marijuana. Upon further search of the vehicle, Deputy Hildinger found a grocery bag under the front passenger seat, containing a large quantity of what appeared to be marijuana. The narcotics unit was summoned to the scene, and determined that the weight of the marijuana was approximately 117 grams. The deputies then read appellee his Miranda rights. Appellee told Deputy Hildinger that the pipe belonged to him, and it was part of a water bong. Appellee was given a verbal warning for the headlight violation, and charged with possession of marijuana and possession of drug paraphernalia. On February 25, 1999, appellee filed a motion to suppress all evidence of marijuana taken from the vehicle, arguing that the officers had no lawful reason to conduct a warrantless search of the car. Following an evidentiary hearing, the court granted the motion to suppress. The court found that the search was predicated on the odor of marijuana alone, and was therefore unlawful pursuant to this court's decision in State v. Jones (August 3, 1998), Ashland App. No. 97-COA-01240, unreported.
 I
Appellant first argues that the court erred in finding that the officer did not have probable cause to search the glove compartment of appellee's vehicle. We agree that the court's reliance on State v. Jones, supra, is misplaced in the instant case. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle, and all contents of the vehicle that may conceal the object of the search. Wyoming v. Houghton (1999), 119 S.Ct. 1297, 1301. This rule applies to all containers within a car, without qualification as to ownership, and without a showing of individualized probable cause for each container. Id. Therefore, if Deputy Hildinger had probable cause to believe that the car contained burning marijuana, the officer could search any part of the car which could conceal burning marijuana. In Jones, supra, Trooper Keener testified that upon approaching the defendant's vehicle following a traffic stop, he smelled the odor of burnt marijuana emanating from the interior of the vehicle. After questioning the defendant, the trooper placed the defendant in the back of his patrol car and conducted a search of the vehicle. After finding no marijuana or other contraband in the passenger compartment, the trooper took the keys from the ignition of the vehicle and opened the trunk. In the trunk, the trooper found four pounds of raw marijuana. In finding that Trooper Keener did not have probable cause to search the trunk of the car, we first recognized that odors may provide reliable evidence that a crime is occurring. Id. at 7. We found that because the location and/or nature of an object generating a particular odor is often uncertain, and odors may be carried by the movement of air to locations where the object which originally created the odor was never present, evidence of suspicious odors is to be weighed differently than visual evidence. Id. See also State v. Tevis (April 30, 1998), Ashland App. No. 97COA01224, unreported (Trooper's testimony that he smelled raw marijuana which was sealed in a plastic baggie, placed in a paper bag, and sealed in a canvas bag was so incredible as to defy belief). We therefore stated in Jones, supra, that suspicious odors must be confirmed by tangible evidence in order to justify a search. Jones, at page 8. However, we further held in Jones that even if the warrantless search of the passenger compartment was justified, the search of the trunk was unconstitutional. Id. The smell of burning marijuana, standing alone, could not be used to justify the search of an area where that smell does not indicate evidence of marijuana use or possession could reasonably be located. Id. at 10-11. The smell of burning marijuana did not provide an adequate basis for a belief that contraband may exist in a locked trunk of an automobile, as one does not burn marijuana in the locked trunk of a moving vehicle. Id. at 11. We therefore concluded that the search of the trunk was illegal. Id. We do not read Jones to support a broad generalization that a trained and experienced officer, with specific training in the area of detection of marijuana, is prohibited from relying on his or her sense of smell as it pertains to the establishment of probable cause for a warrantless search of a motor vehicle. In the instant case, Deputy Hildinger testified that during his training to become a deputy sheriff, he was taught to detect the odor of burnt marijuana. He estimated that he had used that training to identify the smell of burnt marijuana approximately 10 to 50 times in his profession as a deputy sheriff. Tr. 6. He further testified that on none of these occasions did he detect an odor of marijuana, but did not discover marijuana. Tr. 7. The officer testified that he first noticed the strong odor of burnt marijuana when appellee rolled down the window. However, he did not search the vehicle immediately. Rather, he asked appellee for his registration. The officer took the registration back to his patrol car, and noticed the odor of marijuana in his patrol vehicle. He testified that he had not noticed that odor of burnt marijuana in his vehicle prior to carrying appellee's registration into the car. Tr. 12. When he attempted to ascertain the location of the smell, he discovered that the smell was coming from the registration. Prior to this time, he observed appellee remove the registration from the glove compartment of the car. At this point, the officer clearly had probable cause to believe that there was burnt marijuana in the vehicle, most likely in the glove compartment of the car. Upon opening the glove compartment, the deputy found a pipe which contained what appeared to be marijuana residue. At that point, the officer clearly had probable cause to search the rest of the passenger compartment for further evidence of marijuana and/or drug paraphernalia. The first assignment of error is sustained.
 II
The second assignment of error is rendered moot by our disposition of Assignment of Error I.
The judgment of the Lancaster Municipal Court is reversed. This case is remanded to that court for further proceedings according to law.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur